IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-01748-REB-BNB

ENGER ENTERPRISES, LLC, f/k/a ENGER FAMILY PARTNERSHIP, LLLP,

Plaintiff,

v.

EMCASCO INSURANCE COMPANY, an Iowa corporation,

Defendant.
_____

**ORDER**
_____

This matter arises on the following:

(1)   **Plaintiffs' Motion to Amend the Complaint** [Doc. # 34, filed 10/6/2014] (the "Motion to Amend");

(2)   **Plaintiffs' Motion to Compel Discovery** [Doc. # 38, filed 10/10/2014] (the "Motion to Compel"); and

(3)   **Defendant's Combined Motion for Protective Order and Motion to Quash** [Doc. # 48, filed 11/20/2014] (the "Motion to Quash").

I held a hearing on the motions this afternoon and made rulings on the record, which are incorporated here.

IT IS ORDERED:

(1)   The Motion to Amend [Doc. # 34] is GRANTED to allow the Second Amended Complaint to be filed on behalf of Enger Enterprises, LLC, f/k/a Enger Family Partnership, LLLP, only.  The Clerk of the Court is directed to accept the Second Amended Complaint [Doc.

# 35] for filing, subject to the stated limitation. The case caption is modified as indicated above.

(2) The Motion to Compel [Doc. # 38] is DENIED as moot insofar as it seeks to compel the disclosure of any information, and is DENIED insofar as it seeks the award of expenses and attorneys' fees.

(3) The Motion to Quash is GRANTED as specified. In particular, the appraisers and umpire are arbitrators within the meaning of section 13-22-201(2), C.R.S. , and "shall not be competent to testify and may not be required to produce records as to any statement, conduct, decision, or ruling that occurred during the arbitration proceeding, to the same extent as a judge of a court of this state acting in a judicial capacity." Id. I make no determination with respect to the voluntary disclosure of information. The immunity granted by section 13-22-201(2) is limited to matters occurring during the appraisal, and also to matters occurring after the appraisal insofar as they concern what occurred during the appraisal. See Lim v. American Economy Ins. Co., 2014 WL 1464400 at *4 (D. Colo. April 14, 2014). Matters occurring before the appraisal are not subject to the immunity of section 13-22-201(2). Id. In addition, the appraisers and umpire may be questioned about any communications they had with parties to the appraisal at any time.

Dated December 10, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge