IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01748-REB-NYW

ENGER ENTERPRISES, LLC, f/k/a ENGER FAMILY PARTNERSHIP, LLLP,

    Plaintiff,

v.

EMCASCO INSURANCE COMPANY, an Iowa corporation,

    Defendant.

___

**ORDER**
___

Magistrate Judge Nina Y. Wang

    This matter is before the Court on a Motion for Protective Order filed by Defendant EMCASCO Insurance Company ("Defendant" or "EMCASCO")[#61], which was referred to this Magistrate Judge for consideration pursuant to the Order of Reference dated August 20, 2014 [#26] and by Memorandum dated March 16, 2015 [#85]. Plaintiff Enger Enterprises LLC ("Plaintiff" or "Enger") filed a response on February 5, 2015 [#74], and EMCASCO filed a Reply on February 18, 2015 [#76]. The court held oral argument on March 16, 2015. Upon consideration of the Parties' briefing and oral argument, and the relevant case law, the court hereby GRANTS the Motion for Protective Order.

**BACKGROUND**

    This case arises out of an insurance dispute between the Parties, involving damage to and resulting insurance coverage for a roof following a hail and windstorm that occurred in June 2012. [#61, at 1-2]. The court entered a Protective Order on January 2, 2015 [#63], and during the negotiation of that Protective Order, former counsel for Plaintiff, Samuel Livingston,

indicated that he opposed a provision that would specifically prohibit the public dissemination of any deposition videos or deposition transcripts outside the present litigation. [#61, at 2]. Plaintiff, through counsel David J. Furtado, filed a Response to the Motion for Protective Order [#74], arguing that Defendant had made an insufficient showing that the issuance of a blanket protective order, with a specific discussion about the evidence sought to be protected, was not contemplated by the Federal Rules of Civil Procedure. [*Id.* at 7]. On March 12, 2015, Mr. Livingston moved to withdraw as counsel of record for Enger [#81], and upon referral of that motion, the court granted it, thereby terminating Mr. Livingston's representation on March 13, 2015 [#83].

The court held a hearing on this matter on March 16, 2015. At the beginning of the hearing, counsel for the Parties indicated that they had reached agreement that the videotaped depositions in this matter would be treated as "Confidential" under the Protective Order and would not be disseminated. Counsel indicated, however, that they had agreed the provision barring the use of any videotaped deposition or deposition transcript should apply equally to both Parties. In addition, counsel for Defendant urged the court to make clear in its order that the Protective Order extended to Mr. Livingston, despite the fact that he was no longer counsel of record, EMCASCO

Upon consideration of the Parties' papers, the applicable case law, and the Parties' stipulations on the record, IT IS ORDERED:

(1) Defendant's Motion for Protective Order [#61] is GRANTED;

(2) The Protective Order [#63] is hereby AMENDED to limit the use of any videotaped depositions and any deposition transcripts taken in this matter to the proceedings in this civil action, and for no other purpose, including but not

        limited to public dissemination through the internet;

(3)    The Protective Order [#63] and this modification will apply to all Parties, former Parties, counsel of record, and former counsel of record;

(4)    Any requests to restrict access to videotaped depositions and/or deposition transcripts in the proceedings in this action will be made in accordance to Local Rule 7.2, D.C.COLO.LCivR 7.2; and

(5)    Counsel for Defendants is DIRECTED to serve a copy of this Order on Samuel G. Livingston, at the address reflected in his Motion to Withdraw [#81].


DATED:  March 17, 2015        BY THE COURT:

                s/ Nina Y. Wang
                United States Magistrate Judge